**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5216**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTIAN WOMACK, a/k/a Kilo,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (CR-97-142-FO)

Submitted:  March 28, 2007          Decided:  April 25, 2007

Before WILLIAMS, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christian Womack appeals the district court's order revoking his supervised release for using controlled substances and sentencing him to twenty-four months' imprisonment. Womack contends the district court did not sufficiently explain why incarceration was necessary and unreasonably imposed the maximum sentence permitted by statute. Finding no error, we affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir.), cert. denied, 2007 WL 789123 (U.S. Mar. 19, 2007) (No. 06-7631). While the district court must consider the policy statements contained in U.S. Sentencing Guidelines Manual ("USSG") Ch. 7 (2000) and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C.A. §§ 3553(a), 3583 (West 2000 & Supp. 2006), the district court ultimately has broad discretion to revoke the previous sentence and to impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 439.

Womack's sentence exceeded the range of eight to fourteen months' imprisonment set forth in USSG § 7B1.4(a). However, the twenty-four month sentence is within the statutory maximum of two years' imprisonment. See 18 U.S.C. § 3583(e)(3) (2000). Furthermore, although Womack contends the district court failed to

provide an adequate statement of reasons supporting the sentence, we conclude the district court's imposition of sentence was not plainly unreasonable.

At the revocation hearing, Womack contended he had a minor drug problem and treatment in a halfway house was appropriate. These contentions understated the seriousness of his drug use and his inability to control it while on supervised release. Pursuant to 18 U.S.C.A. § 3583(g)(4) (West 2000 & Supp. 2006), mandatory revocation of supervised release results when an individual tests positive for illegal substances more than three times within one year. The probation officer reported Womack failed six drug tests between April and July 2005, far exceeding the threshold provided in § 3583(g)(4).

Womack admitted these violations at the revocation hearing but claimed his substance abuse could be treated without incarceration. However, the evidence before the district court indicated community treatment had already proven ineffective. After the first of Womack's positive tests, the probation officer arranged weekly group substance abuse counseling for Womack. Nevertheless, he tested positive for cocaine, marijuana, and Ecstasy on several additional occasions. Furthermore, Womack acknowledged he had not been fully truthful with the probation officer concerning the extent of his drug use.

Other than stating Womack required intensive drug treatment, the district court explicitly noted only that it had considered the Chapter 7 policy statements on revocation. Even if the district court failed to adequately explain its reasons for imposing the maximum permissible sentence, we conclude the sentence is not plainly unreasonable. The district court was fully aware of Womack's numerous positive drug tests, the failure of the group drug abuse counseling, and Womack's untruthfulness to the probation officer concerning the extent of his drug use. In light of this record, and the "substantial latitude" and "broad discretion" accorded district courts in devising appropriate revocation sentences, Crudup, 461 F.3d at 439, we are confident the court properly took all relevant factors into account in devising its revocation sentence.

Accordingly, we affirm Womack's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -